UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID HOWELL,

      Plaintiff,

v.                Case No. 20-cv-379-pp

PAUL KEMPER, DEPUTY WARDEN WELLS,
UNIT MANAGER STUDZINSKI, OFFICER REYES,
and OFFICER WASHNOCK,

      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 5), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

---

  David Howell, an inmate at the Racine Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 5, and screens his complaint, dkt. no. 1. The court will dismiss the complaint for failure to state a claim.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On March 30, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $4.45. Dkt. No. 8. The court received that fee on April 20, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

2

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued Warden Paul Kemper, Deputy Warden Wells, Unit Manager Studzinski and Correctional Officers Reyes and Washnock, all Racine Correctional employees. Dkt. No. 1 at 2–3. He has sued the defendants in their official and individual capacities. Id. at 3.

The plaintiff alleges that on January 8, 2020, he slipped and fell on a wet floor at Racine. Dkt. No. 1 at 4. He alleges that Officer Reyes witnessed the fall. Id. The plaintiff says that Officer Washnock did not witness the fall but allegedly lied by saying that she looked around and saw "wet floor" signs in the area. Id. The plaintiff alleges that camera footage will show there were no signs in the area. Id. Reyes asked the plaintiff if he wanted to go the Health Services Unit, but the plaintiff says he declined because he had no pain at the time. Id. The plaintiff says that later that day, he began to feel pain in his lower back and right shoulder and put in a slip for the HSU. Id. A nurse saw the plaintiff for treatment a week later, a week after that he received x-rays and in February 2020 the plaintiff twice saw a nurse practitioner for further treatment. Id.

The plaintiff asserts that Officer Reyes did not write an incident report the day of his fall, but an unspecified officer did write a report two weeks later. Dkt. No. 1 at 5. He reiterates that Washnock lied about seeing wet floor signs. Id. He asserts that Studzinski tried to cover for the officers by declining to answer the plaintiff's three requests to her and by dismissing his inmate complaint. Id. The plaintiff asserts that Wells declined to check the camera footage for wet floor signs and accepted the officers' versions of the incident. Id. He asserts that Kemper dismissed his grievance without any knowledge of the incident. Id.

The plaintiff seeks declaratory judgment, an injunction ordering the defendants "to cease their judgment on Inmates without a full investigation of my rights as a human being and not just a number" and compensatory damages. Dkt. No. 1 at 6.

C. <u>Analysis</u>

Claims against a state actor in his official capacity are another way to plead a claim against the entity that the state actor represents or for which that state actor works. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985) (citing <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 690, n.55 (1978)). The court construes the claims against the defendants in their official capacities as having been brought against the Wisconsin Department of Corrections, the agency for which they work. <u>Graham</u>, 473 U.S. at 165–66. Because claims against the DOC are "no different from a suit against the State itself," these claims are construed as having been brought against the State of Wisconsin. See <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (citing <u>Graham</u>, 473 U.S. at 165–66; <u>Monell</u>, 436 U.S. at 690 n.55). A state is not a "person" from whom the plaintiff may recover monetary damages under 42

4

Case 2:20-cv-00379-PP   Filed 07/13/20   Page 4 of 9   Document 9

U.S.C. §1983. Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003). The plaintiff may not seek damages against the defendants in their official capacities.

The plaintiff also seeks declaratory and injunctive relief. The Supreme Court has held that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under §1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Will, 491 U.S. at 71 n.10 (quoting Graham, 473 U.S. at 167 n.14, and Ex Parte Young, 209 U.S. 123, 159–60 (1908)). Although the plaintiff is not barred from seeking prospective injunctive relief, he may not seek declaratory relief that the defendants violated his rights in the past. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (citing Green v. Mansour, 474 U.S. 64, 73 (1985), and Cory v. White, 457 U.S. 85, 90–91 (1982)) (noting that the exception under Ex Parte Young "is narrow: It applies only to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past . . . .").

To proceed with his official-capacity claims for injunctive relief, the plaintiff must allege that the State was responsible for the violation of his constitutional rights because of a practice, custom or policy. Graham, 473 U.S. at 166 (citing Monell, 436 U.S. at 694). The custom or policy must be the "moving force" behind the deprivation. Id. (quoting Polk Cty. v. Dodson, 454 U.S. 312, 326 (1981)). The plaintiff has not alleged that the defendants were acting under a custom or policy. He alleges that each defendant acted on his or her own to violate his rights or to cover up the violations that other officers

5

committed. The plaintiff has not stated a claim against any defendant in his or her official capacity.

The plaintiff's individual claims relating to his fall implicate the Eighth Amendment, which prohibits cruel and unusual punishment. See generally Wilson v. Seiter, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." Id. The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the state actor acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." Id. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837). Neither negligence nor gross negligence will support an Eighth Amendment claim. See Farmer, 511 U.S. at 835–36; Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001).

The conditions of which the plaintiff complains—a wet floor without posted "wet floor" signs—did not present a substantial risk of serious injury. Wet floors do present a hazard and the possibility for injury, but they do not present a *substantial* risk of *serious* harm sufficient to constitute a constitutional violation. Bell v. Ward, 88 F. App'x 125, 127 (7th Cir. 2004) (citing Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) and LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993)). At most, the plaintiff's allegations suggest that the defendants may have been negligent, which is insufficient to support a claim of deliberate indifference. See Farmer, 511 U.S. at 835–36; Brown v. Peters, 940 F.3d 932, 937 (7th Cir. 2019).

6

The plaintiff alleges that Reyes did not write an incident report the day of the fall. Because the plaintiff declined medical treatment, does not allege that he suffered a serious injury and has not stated a claim for a violation of the Eighth Amendment, Reyes did not violate the plaintiff's constitutional rights by not immediately documenting the fall. The plaintiff also alleges that Washnock lied about seeing wet floor signs in the area. Because the wet floor did not present a substantial risk of serious injury, even if Washnock lied about seeing wet floor signs (and the court has no idea whether she did or not), the lie would not violate the Constitution.

The plaintiff also alleges that Wells and Kemper failed to respond to his grievances or investigate his allegations. "Dismissal [of an inmate grievance] no more manifests 'deliberate indifference' to the underlying problem than does a judge's decision dismissing a §1983 suit as barred by the statute of limitations." Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009). It is possible for a prison official to violate the Constitution by "refusing to do her job and leaving the prisoners to face risks that could be averted by faithful implementation of the grievance machinery," id., but that is not what the plaintiff alleges. He complains only that Wells and Kemper did not investigate his grievances and dismissed them. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Owens v. Hinsley, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Grieveson v. Anderson, 538 F.3d 763, 772 & n.3 (7th Cir. 1008); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)). "Ruling

against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." George, 507 F.3d at 609. The plaintiff has not stated a claim against defendants Wells or Kemper.

Finally, the plaintiff alleges Studzinski refused to answer his requests and dismissed his inmate complaints "because she didn't want to make her Officers look bad." Dkt. No. 1 at 5. The plaintiff has not alleged that it was Studzinski's job to respond to his requests; she is not a complaint examiner. And even if it was her job to respond to his requests or to address his complaints, the plaintiff has alleged no underlying constitutional violation, so Studzinski's actions could not have violated his rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court **ORDERS** that the Clerk of Court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the $345.55 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

8

transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**